# CASE ANNOUNCEMENTS

*January 20, 2011*

[Cite as *01/20/2011 Case Announcements*, 2011-Ohio-180.]

# DISCIPLINARY CASES

**2009–0691.  Mahoning Cty. Bar Assn. v. Jones.**
On October 1, 2009, this court suspended the respondent, James Sidney Jones, for a period of six months, with the entire suspension stayed on the conditions that respondent (1) successfully complete a one-year monitored probation under Gov.Bar R. V(9) and (2) commit no further disciplinary infractions. The suspension and monitored probation were to take effect upon respondent's return to active practice in the state of Ohio. The order required the respondent to file a notice informing the Clerk of this court of his application for active registration status on or before the date of submission of the application.

It has come to the court's attention that the respondent's registration status is listed as "active" in the Attorney Directory maintained by the Office of Attorney Services of the Supreme Court of Ohio; however, respondent did not file a notice informing the Clerk that he applied for active registration status.

Upon consideration thereof, it is ordered by the court that respondent, James Sidney Jones, Attorney Registration No. 0064099, last known business address in Boardman, Ohio, be suspended from the practice of law for a period of six months with the entire suspension stayed on the conditions that respondent (1) successfully complete a one-year monitored probation under Gov.Bar R. V(9) and (2) commit no further disciplinary infractions. It is further ordered that if respondent fails to comply with the terms of the stay and probation, the stay will be lifted, and respondent will serve the entire one-year suspension.

It is further ordered that on or before 30 days from the date of this order, relator will file the name of an attorney who will monitor respondent during the probation. It is further ordered that at the end of the probationary period, relator will file a report with this court indicating whether respondent has complied with the terms of probation including monitoring.

It is further ordered, sua sponte, by the court that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, sua sponte, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against respondent pursuant to Gov.Bar R. VIII(7)(F), respondent shall reimburse that amount to the Clients' Security

Fund within 90 days of the notice of such award.

It is further ordered that at the end of the probationary period respondent may apply for termination of probation. It is further ordered that respondent's probation will not be terminated until (1) respondent files an application for termination of probation in accordance with Gov.Bar R. V(9)(D), (2) relator files a report with the Clerk of the Supreme Court indicating that respondent has complied with the terms and conditions of probation during the probationary period, (3) respondent complies with this order and all other orders issued by this court, (4) respondent complies with the Rules for the Government of the Bar of Ohio, and (5) this court issues an order terminating respondent's probation.

It is further ordered that respondent shall keep the Clerk, the Mahoning County Bar Association, and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

It is further ordered, sua sponte, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings. All case documents are subject to Rules 44 through 47 of the Rules of Superintendence for the Courts of Ohio, which govern access to court records.

It is further ordered, sua sponte, that service shall be deemed made on respondent by sending this order and all other orders in this case to respondent's last known address.

It is further ordered that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

## MISCELLANEOUS DISMISSALS